*J. S. Rowe*, for the plaintiff.

*E. Hale & L. A. Emery*, for the defendants.

----◆----

## MUNROE YOUNG *vs.* JAMES M. BLAISDELL.

*Statute of Frauds.*

On April 2d, the owner of a large quantity of bark situated on his wharf, billed it to his creditor as security for indebtedness and delivered it to the defendant as his creditor's agent. On April 19th, the bark remaining on the owner's wharf, he bargained it to the defendant for $650, but made no written memorandum of the bargain, received nothing in payment and made no delivery of any portion of it, although the defendant subsequently went and measured it of his own motion. On April 28, the original owner sold, and gave a bill of the bark to the plaintiff who paid for it ; and while the bark was being measured the defendant interfered and claimed it by an alleged sale on April 19th, whereupon the plaintiff replevied it. *Held*, that the bargain to the defendant was within the statute of frauds, there having been no delivery or acceptance of the bark ; and that the plaintiff's knowledge of the facts would not affect the sale.

ON REPORT.

THE FACTS are sufficiently stated in the opinion.

————, for the plaintiff.

*Eugene Hale & L. A. Emery*, for the defendant.

APPLETON, C. J.   On April 2, 1869, Scamman & Dyer gave a bill of sale of a quantity of bark on Scamman's wharf to N. A. Joy, as security for their indebtedness to him.   The bark was delivered to the defendant as the agent of Joy.

The bark still remaining on Scamman's wharf, on April 19, 1869, Scamman & Dyer bargained the bark to the defendant for $650, but there was no memorandum in writing of the bargain, nothing given in earnest to bind the bargain, and no payment of the price by cash or note.   There was no delivery nor acceptance of the bark, the contract being made at the house of Scamman and at a distance from the wharf on which the lumber was piled.

On April 28, 1869, Scamman & Dyer sold this bark and gave a bill of sale thereof to the plaintiff, who paid for the same.   While the bark was being measured the defendant interfered, claiming to have purchased it previously.   The plaintiff thereupon brought replevin, and the question to be determined is in whom is the legal title.

The plaintiff, having a bill of sale and delivery of the bark, and having paid for the same, would seem entitled to maintain his suit unless his vendors had previously parted with their title.

By R. S. of 1857, c. 111, § 5, 'no contract for the sale of any goods, wares, or merchandise, for thirty dollars or more, shall be valid, unless the purchaser accepts and receives part of the goods, or gives something in earnest to bind the bargain, or in part payment thereof, or some note or memorandum thereof, is made or signed by the party to be charged thereby or by some person by him legally authorized.'

There was no executed contract between the defendant and Scamman & Dyer.   Their property was not in his possession. True, he had accepted the delivery for Joy and as his agent, but the bark remained on the Scamman wharf as before.   As there was no note or memorandum in writing, no price paid, nor earnest given, and no acceptance by the defendant or delivery to him, he could not maintain any action in relation to the bark against his vendors, nor could they against him.   'It is very clear,' remarks

Parker, C. J., in *Penniman* v. *Hartshorn*, 13 Mass. 87, 'that a mere contract to sell, without a delivery either actual or symbolical, does not pass the property; and that a subsequent sale and delivery to another person would have vested the property in him.' Thus, too, is the law as laid down in 2 Kent's Com. 493. 'To make the contract of sale valid in the first instance, according to statute law, there must be a delivery, or tender of it, or payment or earnest given, or a memorandum in writing signed by the party to be charged; if nothing of this kind takes place it is no contract, and the owner may dispose of his goods as he pleases.'

The owners did as they pleased and sold to the plaintiff. In conformity with these views are the decisions in this State. *Means* v. *Williamson*, 37 Maine, 556.

It is true the defendant testifies, that after the verbal bargain, he went over the bark and measured it, and that this was before Mason came down and surveyed the bark from Scamman & Dyer to the plaintiff. But this would not constitute an acceptance. It was done in the absence of the owners, and they made no delivery to him. Indeed, the act was not done as an acceptance, nor was it so understood by the defendant. In *Holmes* v. *Hoskins*, 28 L. & Eq. 564, the defendant verbally agreed to purchase of the plaintiff some cattle then in his field. After the bargain was concluded, the defendant felt in his pocket for his check-book in order to pay for the cattle, but finding he had not got it, he told the plaintiff to come to his house in the evening for the money. It was agreed that the cattle should remain in the plaintiff's field for a few days, and that the defendant should feed them with the plaintiff's grain, which was done; held, that there was no evidence of an acceptance of the cattle to satisfy the statute of frauds. Park, B., says, 'I am of opinion that there was no reasonable evidence to go to the jury of an acceptance and receipt of the cattle. In order to satisfy the statute there must be an acceptance and an actual or constructive delivery. Now in this case there was no actual delivery; and, therefore, to entitle the plaintiff to recover there must be such a dealing with the cattle by the defendant as

owner, that the plaintiff would lose his lien. . . . In *Tempest* v. *Fitzgerald*, 3 B. & Ald. 680, which was an action for the price of a horse, which had died, after the time when it was sold by parol and before it was delivered or paid for, the only evidence of acceptance and receipt was, that while the horse remained in the possession of the vender, the purchaser made his servant gallop it, and gave directions about its future treatment, requesting that it might be kept by the vender a week longer; and the court of King's Bench held that there was no acceptance within the meaning of the statute.' In the same case Martin, B., says, ' There was a perfectly good verbal bargain; and if the common law had not been altered by the statute in question, the plaintiff would have been clearly entitled to recover. But the statute says that no contract of the sort shall be binding, unless the buyer shall accept part of the goods and actually receive the same, or unless there be a part payment or note in writing.' In this case none of these requisites have been complied with. In *Shindler* v. *Houston*, 1 Comst. 261, the plaintiff and defendant bargained respecting the sale by the former to the latter of a quantity of lumber, piled apart from other lumber, on a dock, and in view of the parties at the time of the bargain, and which had before that time been measured and inspected. The parties having agreed as to the price, the plaintiff said to the defendant the lumber is yours. The defendant then told the plaintiff to get the inspector's bill and take it to one House, who would pay the amount. This was done the next day and payment refused. The price was over fifty dollars. It was held, in an action to recover the price, that there was no delivery and acceptance of the lumber within the meaning of the statute of frauds, and that the sale was void. ' The statute of fraudulent conveyances and contracts,' observes Gardiner, J., ' pronounced this agreement void when made, unless the buyer should " accept and receive some part of the goods." The language is unequivocal, and demands the action of both parties, for acceptance implies delivery, and there can be no complete delivery without acceptance. The defendant, however, said nothing and did

nothing subsequent to the agreement, except through his agent, to repudiate the contract. There was, consequently, no evidence of a delivery.' It is manifest that the evidence in this case, according to the recognized principles of law, shows no acceptance whatever.

It is claimed that the plaintiff was aware of the transactions which took place between the defendant and Scamman & Dyer. Be it so; still the knowledge on the part of the plaintiff of an unexecuted verbal bargain, which was void by statute of frauds, if fully established, would not defeat his rights as a purchaser for a full consideration.

*Judgment for plaintiff, one cent damage.*

CUTTING, KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.