Henry Dierson, Appellant, v. H. W. Petersmeyer.

Sales: STATUTE OF FRAUDS: *Delivery.* Defendant agreed to buy certain pop corn, provided the same should be sorted, put in bags, and delivered. After part had been delivered, he cut open one of the bags, and refused to accept the corn, because it was not properly sorted. Plaintiff, however, unknown to defendant, afterwards delivered all the corn at the place agreed upon. *Held,* that the delivery was not such as is contemplated by Code, section 4626, providing when an oral contract of sale may be taken out of the statute of frauds.

SAME. The mere taking away at the time of sale of a small amount of corn as a sample by the purchaser of a large quantity is not a delivery or acceptance of any part of the corn sold.

LABOR IN PRODUCING ARTICLE: *Mere preparation for market.* Sorting corn and putting it in bags for the market is not labor ex-

pended in producing or procuring it, within Code, section 4626, taking oral contracts of sale out of the statute of frauds, when labor, skill, or money must be expended in producing and procuring the article sold.

*Appeal from Sac District Court.*—HON. S. M. ELWOOD, Judge.

WEDNESDAY, OCTOBER 11, 1899.

ACTION for pop corn sold and delivered. From judgment on verdict directed for the defendant the plaintiff appeals.—*Affirmed.*

*Chas. D. Goldsmith* for appellant.

*W. A. Helsell* for appellee.

LADD, J.—The pop corn was in the crib when examined by the defendant, and he agreed to pay fifty cents per one hundred pounds for it, sorted, sewed in bags, and delivered at Obebolt. Four loads were hauled to that place, and defendant directed the plaintiff to drive to a car as soon as others had unloaded. One load was weighed on defendant's scales, and then taken to the car. The defendant cut open two sacks, examined the corn, and refused to take it because not properly sorted. Later, the plaintiff had the corn weighed and put into the car, unknown to defendant. The record does not disclose what afterwards became of the corn. Very evidently the delivery was not such as is contemplated by section 4626 of the Code. To take a contract out of the statute of frauds, the vendor must not only act with the purpose of vesting the right of possession in the vendee, but the latter must actually accept with the intention of taking possession as owner. *Remick v. Sandford,* 120 Mass. 309; *Knight v. Mann,* 118 Mass. 143; *Young v. Blaisdell,* 60 Me. 272; *Stone v. Browning,* 51 N. Y. 211;

*Smith v. Hudson,* 6 Best & S. 431; 8 Am. & Eng. Enc. Law, 738.

However we might regard the act of the plaintiff there was no acceptance of the corn, but a refusal to receive it. In *Shepherd v. Pressey,* 32 N. H. 55, the court said: "No act of the seller alone, in however strict conformity to the terms of the contract, will satisfy the statute. There must be acts of the buyer, of accepting and actually receiving the goods sold, beyond the mere fact of entering into the contract, to bind the latter." *Maxwell v. Brown,* 39 Me. 101; *Boardman v. Spooner,* 13 Allen, 357; *Prescott v. Locke,* 51 N. H. 94.

When making the contract, the defendant took some corn in a small sack to send away as a sample. He simply helped himself to this, and it was neither delivered nor taken as part of the corn bought. No part of that bargained was accepted.

Merely preparing it for market was not labor expended in producing or procuring it. *Lewis v. Evans,* 108 Iowa, 296.

The errors assigned and argued relating to striking out of certain evidence require no attention, as, if conceded, the rulings were without prejudice. All the evidence adduced fell short of making out a case, and the court was right in directing a verdict.—AFFIRMED.