[Civil No. 2065.   Filed October 15, 1923.]

[218 Pac. 984.]

# W. BECKFORD KIBBEY, Jr., Appellant, v. J. C. KINNEY, Appellee.

1. FRAUDS, STATUTE OF — CONTRACT FOR SALE OF CORPORATE STOCK HELD NOT TAKEN OUT OF STATUTE BY PERFORMANCE.—Where defendant, arranging to reorganize a company in a receiver's hands,

---

Liability of corporate officer for fraud, or misrepresentation which induced the sale or purchase of stock, see note in 1 L. R. A. (N. S.) 258.

See 27 C. J., pp. 242, 337, 343.

asked plaintiff, a stockholder, to go with him and help to secure the appointment of another receiver, stating that as soon as the reorganization was completed he would buy plaintiff's stock, no part of which was delivered or indorsed for delivery, *held*, that plaintiff's act in going with defendant, at defendant's request, to help in securing a new receiver, did not constitute performance, taking the contract out of the statute of frauds (Civ. Code 1913, par. 5152).

2. FRAUDS, STATUTE OF—ASSENT BY WORDS OR CONDUCT TO BECOME OWNER OF STOCK WILL NOT TAKE CONTRACT OF SALE OUT OF STATUTE.—Mere assent by words or conduct to becoming the owner of corporate stock is not enough to take a contract of sale out of statute of frauds (Civ. Code 1913, par. 5152), since the statute requires acceptance and actual receipt of part of goods, or giving something in earnest, or by some note or memorandum in writing.

3. FRAUDS, STATUTE OF—PARTY HELD NOT ESTOPPED TO PLEAD STATUTE OF FRAUDS.—One agreeing upon the reorganization of a particular company to purchase certain stock of that company is not estopped to plead that his agreement was within the statute of frauds by the fact that the other party in contemplation of money to be received from the sale has borrowed money and otherwise obligated himself in a business way.

APPEAL from a judgment of the Superior Court of the County of Pima. W. R. Chambers, Judge. Affirmed.

Mr. John B. Wright, for Appellant.

Messrs. Kingan, Campbell & Connor, for Appellee.

ROSS, J.—The facts pleaded and shown by the plaintiff's evidence are as follows: The defendant, on November 14, 1917, sold plaintiff 180 shares of the stock of the La Osa Live Stock & Land Company, for $27,600. In August, 1918, plaintiff joined the army, first resigning as director and secretary of the La Osa Live Stock & Land Company, and was away from Arizona until December, 1918. During his absence the La Osa Live Stock & Land Company was placed in the hands of a receiver at the instance of one of its creditors, a Texas bank. The largest creditor of the company, the Merchants' National Bank

of St. Paul, Minnesota, was dissatisfied with the receiver, and was trying to have him removed, and a receiver more friendly to it appointed, when plaintiff returned.

Defendant informed plaintiff he had completed arrangements to reorganize the La Osa Company, provided the then receiver could be removed and a new one appointed, and asked plaintiff to go with him to Phoenix and help to secure the appointment of another receiver, stating he would buy plaintiff's stock in said company and pay him therefor $27,600 as soon as said company was reorganized. Plaintiff did go to Phoenix for the purpose of helping to secure the removal of the receiver, but the change was made without any assistance from plaintiff, his help becoming unnecessary. Later the agreement, as stated above, was modified, defendant agreeing to take only $17,600 worth of such stock, and to pay for the same as soon as he could go to St. Paul and complete the reorganization of the La Osa Live Stock & Land Company. Defendant did go to St. Paul, and did reorganize the company, and, failing and refusing to perform his agreement, plaintiff brought this suit for the sum of $17,600, tendering into court the stock to cover that amount, at the agreed price. Plaintiff, testified that he borrowed money on the faith of defendant's promise to buy stock, and made another cattle deal, expecting to use the money to be paid to him by defendant to carry it out.

Defendant's testimony was not in accord with the plaintiff's, he contending he was to take plaintiff's stock, paying therefor only on condition that the company was reorganized by him in connection with certain other named individuals who were to assist him in paying for plaintiff's stock according to percentages named, and that plaintiff knew this. He says the reorganization contemplated was never effected.

When the plaintiff rested, defendant moved for an instructed verdict, which was granted. One of the grounds for the motion was that the contract alleged in the complaint was within the statute of frauds, particularly paragraph 5152, Civil Code of 1913, and that no facts had been shown to take the contract out of the statute.

The plaintiff does not contend that the contract, being in parol, was not within the statute of frauds, but he says the jury should have been permitted under the evidence to decide whether he had fully performed his part of the contract, so as to take it out of the statute, or whether defendant had by words and conduct assented to becoming the owner of stock, thereby taking the contract out of the statute. The statute in question is the fourth section of the Uniform Sales Act and paragraph 5152 of the Civil Code of 1913, and reads as follows:

"A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action, unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged, or his agent in that behalf.

"The provisions of this section apply to every such contract or sale, notwithstanding that the goods may be intended to be delivered at some future time, or may not at the time of such contract or sale be actually made, procured, or provided, or fit or ready for delivery, or some act may be requisite for the making or completing thereof, or rendering the same fit for delivery; but if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply.

"There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."

It is not contended that defendant paid plaintiff any part of the alleged purchase price, or that the stock or any part of it was ever delivered to him or to anyone for him. The only act performed by plaintiff, according to his own claim, was to go to Phoenix with the defendant, at defendant's request, to help secure the removal of the receiver in order that another receiver could be appointed. While plaintiff's claim is that this act of his was a part of the consideration going to defendant, we think it quite clear that plaintiff felt it unnecessary to have another receiver appointed, and that his efforts in that respect would have been the same without any offer from defendant to buy his stock. Indeed, plaintiff says, in answer to the question, "You wouldn't have gone [to Phoenix] if Mr. Kinney had asked you to go without that promise" (that is, his promise to buy):

"If any member of the company had come to me and said 'this company needs your testimony up there [Phoenix] and it is vital; I want you to come up,' I would have gone. Now that is all there is to it."

But the statute provides just what acts or things will take a parol contract out of the statute, and what plaintiff claims he did is not one of them. The rule in that regard is stated in 27 C. J. 346, section 428:

"The statute with respect to the sale of goods, wares, and merchandise expressly provides what acts of part performance shall be sufficient to validate an oral contract of sale, that is, earnest or part payment, or receipt and acceptance of part of the goods. Accordingly the doctrine of part performance has no application to the sale of goods."

The plaintiff's contention that he fully performed his part of the contract is wholly without support. He did not show that he had delivered the stock or any part of it to the defendant, or that the defendant had received and accepted it or any part of it, or that it had been indorsed by him ready for delivery or tender. From the evidence, not only the record title in stock was in plaintiff, but also the legal title. And his second contention that defendant had by "words and conduct assented to becoming the owner of stock" is not enough to hold defendant, even if true, since the statute requires the assent to become the owner to be expressed in one of the following ways in order to be enforceable: (a) The defendant's acceptance of a part of the stock and the actual reception thereof; or (b) a giving by defendant of something in earnest to bind the contract or in part payment; or (c) some note or memorandum in writing of the contract of sale signed by the defendant or his agent in that behalf. *De Nunzio* v. *De Nunzio,* 90 Conn. 342, 97 Atl. 323.

The following cases, cited by defendant in his brief, all go to the point that the plaintiff has not shown any facts taking the contract sued upon out of the statute of frauds: *Grant* v. *Milam,* 20 Okl. 672, 95 Pac. 424; *Dinnie* v. *Johnson,* 8 N. D. 153, 77 N. W. 612; *Hoffman* v. *Wisconsin Lumber Co.,* 207 Mo. App. 440, 229 S. W. 289; *Dierson* v. *Petersmeyer,* 109 Iowa, 233, 80 N. W. 389; *Porter* v. *Patterson,* 42 Ind. App. 404, 85 N. E. 797; *Dauphiny* v. *Red Poll Creamery Co.,* 123 Cal. 548, 56 Pac. 451; *Friedman* v. *Plous,* 158 Wis. 435, 149 N. W. 218; *Hinchman* v. *Lincoln,* 124 U. S. 38, 31 L. Ed. 337, 8 Sup. Ct. Rep. 369 (see, also, Rose's U. S. Notes).

Plaintiff makes some contention that defendant should be estopped to deny sale or plead the statute because he (plaintiff) by reason of defendant's promise to buy his stock borrowed money and otherwise

obligated himself in a business way, depending upon the money to be received from defendant to assist him in these new adventures.

Plaintiff did not plead estoppel, nor do the facts show that he had suffered any injury by reason of defendant's failure to perform his verbal contract.

The only case cited by plaintiff in support of his contentions is *Diamond* v. *Jacquith,* 14 Ariz. 119, L. R. A. 1916D, 880, 125 Pac. 712. We do not think the case is in point. The plaintiff in that case had fully performed his contract of service, and was suing for his wages. The agreement sued on was one to work for the defendant for a year, at wages agreed upon. After the services were rendered, the defendant refused to pay the agreed wages, upon the ground that it was within the statute of frauds, and we held that, since the plaintiff had fully performed the contract, the statute of frauds had no application.

No error appearing, the judgment is affirmed.

McALISTER, C. J., and LYMAN, J., concur.