295 P.2d 332

**A. A. EASTON, Plaintiff and Appellant,**

v.

**Milton S. WYCOFF, Defendant and Respondent.**

No. 8349.

Supreme Court of Utah.

April 2, 1956.

Owen & Ward, Dean W. Sheffield, Salt Lake City, for appellant.

Wayne C. Durham, Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

According to the allegations of the complaint, the appellant is the owner of a gun factory, which he purchased in Trinidad, Colorado, and moved to Utah. After making the purchase, he sought a suitable location to lease within Salt Lake City and, through a real estate broker, contacted the respondent, who represented himself as the owner of certain property (although, in fact, he was merely negotiating its purchase). Respondent agreed to a lease acceptable to appellant, and promised to have the lease agreement drawn up by his attorney to comply with the requirements of the Statute of Frauds. Subsequent to the oral agreement, the respondent learned of a cloud upon the title of the property and refused to buy it from the true owner, Bessie Friedman; but, in spite of his knowledge that he was not going to purchase, he allowed appellant to move all of his equipment into the building. When the appellant discovered the true state of facts, he alleges that he was unable to negotiate as favorable a lease with Mrs. Friedman and brought suit upon the contract with respondent claiming damages of $17,700. Respondent answered that Appellant's claim was barred by the Statute of Frauds and the trial court so held in granting his motions to dismiss and for summary judgment.

U.C.A.1953, 25-5-3 declares that every contract for the leasing for a longer period than one year of any lands shall be void unless the contract is in writing subscribed by the party by whom the lease is to be made. However, appellant contends that the respondent, under the allegations of the complaint, is estopped to plead or raise the Statute as a defense.

Certainly, the doctrine of estoppel, applicable to a misrepresentation made as to a *past or present fact*, Ravarino v. Price,

Utah, 260 P.2d 570; cases at 115 A.L.R. 152, might be invoked for the purpose of precluding the respondent here from asserting his lack of title to the premises if the elements of estoppel were to be demonstrated by the evidence. But, for the purposes of this case, we might view the respondent as the owner in fact of the property to which he claimed title, and are met with the more difficult question of whether, under such circumstances, appellant is entitled to enforce or sue upon the breached oral contract. In other words, will the reliance of the appellant upon the promise of the respondent to execute a written lease in the future estop the respondent to set up the Statute of Frauds as a defense to an action upon the contract.

 Promissory estoppel relates primarily to those informal contracts which lack consideration but where, because of the facts surrounding the transaction, injustice can only be avoided by enforcing the promise; in such instances, the reliance of the promisee, induced by the conduct of the promisor, is accepted as a substitute for formal consideration. A.L.I. Restatement of the Law of Contracts, Sec. 90. This doctrine has been extended, in a limited form, to apply to cases concerned with the Statute of Limitations or the Statute of Frauds where the promise as to future conduct constitutes the intended abandonment of an existing right of the promisor, Ravarino v. Price, supra.

Appellant relies upon the doctrine of promissory estoppel and particularly the cases of Interstate Co. v. Bry-Block Mercantile Co., D.C., 30 F.2d 172 and Seymour v. Oelrichs, 156 Cal. 782, 106 P. 88 as including within the limited rule oral contracts where the promisee has justifiably relied upon a promise to execute a memorandum to satisfy the Statute of Frauds. These cases appear as footnote citations to the following from II Williston on Contracts, Sec. 533A:

"Thus, where one makes a misrepresentation of fact, stating that he has complied with the Statute, as for example, where the defendant has given the plaintiff a paper representing that it is a memorandum of the contract when in fact it is not and the plaintiff has relied thereon in performing his share of the contract, the defendant will be estopped to plead the Statute. *The doctrine of promissory estoppel has also been extended to permit recovery on the contract by one who has relied to his detriment on the promise of the defendant to execute and deliver a sufficient memorandum. A mere refusal to perform an oral agreement within the Statute, however, is not such fraud as will justify a court in disregarding the Statute even though it result in hardship to the plaintiff.* His remedy will be limited to the quasi contractual actions hereafter discussed." (Italics added.)

 The difficulty lies in reconciling in application the two statements italicized above. In most instances of negotiations for transactions included within the Stat-

ute, a reduction of the contract to writing is contemplated and, in all probability, the parties will discuss who will draw the instrument and when and where it will be signed. The mere refusal to execute a written contract as agreed does not constitute "fraud" within the rule that the Statute of Frauds will not be enforced where the effect would be to perpetrate a fraud, Long v. Long, 162 Cal. 427, 122 P. 1077, and to hold otherwise would, in effect, completely nullify the Statute of Frauds. Comment f. to Section 178, A.L.I. Restatement of The Law of Contracts, adopts the extension and offers some further guide in differentiating the two situations:

"Though there has been no satisfaction of the Statute, an estoppel may preclude objection on that ground in the same way that objection to the non-existence of other facts essential for the establishment of a right or a defense may be precluded. A misrepresentation that there has been such satisfaction if substantial action is taken in reliance on the representation, precludes proof by the party who made the representation that it was false; and a promise to make a memorandum, if similarly relied on, may give rise to an effective promissory estoppel if the Statute would otherwise operate to defraud."

In other words, the Restatement emphasizes the element of fraud and rquires "substantial action" upon the promise to put the contract in writing in order for enforcement of the contract to be granted, and the cases appear to bear this out.

In Seymour v. Oelrichs, supra, plaintiff gave up a lifetime position in order to enter defendant's service and worked for him for two years upon the defendant's promise to put the contract in writing. In this case, the court held defendant estopped to assert the Statute. However, this often cited case might well be contrasted with the case of B.F.C. Morris Co. v. Mason, 171 Okl. 589, 39 P.2d 1, 43 P.2d 401, likewise involving a long-term employment contract and a promise to reduce the contract to writing; the difference between the cases being that in the latter the plaintiff did not show injury of the type sufficient to invoke an estoppel. The position which he gave up was one terminable at will by the employer and his move to Oklahoma City, the place of the second employment, was not occasioned by the promise of employment. In denying the relief, the court stated:

"It is an indispensable element of equitable estoppel that the person relying thereon must have been induced to act or alter his position to his detriment or injury, and, where equitable estoppel is relied on to preclude another from asserting the statute of frauds as a defense to an oral contract not to be performed within a year, *such injury must be unjust and unconscionable*, and such that there is no complete and adequate remedy at law available to the person asserting

the equitable estoppel." (Italics added.)

Other courts have reached similar conclusions: Kibbey v. Kinney, 25 Ariz. 427, 218 P. 984; Taplin v. Hinckley Fibre Co., 97 Vt. 184, 122 A. 426; Foley & Whitehill v. Texas Co., Tex.Civ.App., 252 S.W. 566. The other case relied upon by plaintiff, Interstate Co. v. Bry-Block Mercantile Co., supra, demonstrates also an unconscionable injury in that plaintiff spent $15,-000 in equipment and improvements upon property which defendant promised to lease to him.

That the case of Seymour v. Oelrichs, supra, is not based solely upon the fact that there was a promise, relied upon by plaintiff, to deliver a sufficient memorandum is demonstrated by a more recent case from the same jurisdiction, Albany Peanut Co. v. Euclid Candy Co. of California, Inc., 30 Cal.App.2d 35, 85 P.2d 471, 473:

"* * * The circumstances must clearly indicate that it would be a fraud for the party offering the inducements to assert the invalidity of the contract under the statute, and, unless the words and conduct of the party sought to be held amount to an inducement to the other to waive a written contract in reliance upon the representation that the person promising will not avail himself of the statute of frauds, there is an absence of fraud which is requisite to an estoppel. * * *

"A mere promise to execute a written contract, followed by refusal to do so, is not sufficient to create an estoppel, even though reliance is placed on such promise and damage is occasioned by such refusal. The acts and conduct of the promisor must so clearly indicate that he does not intend to avail himself of the statute that to permit him to do so would be to work a fraud upon the other party. * * *"

■ It is clear that the facts of this case do not create a situation calling for the application of the principle of promissory estoppel. Appellant did not expend any monies upon the leased premises, but is damaged because of the loss of a good bargain. In reliance upon respondent's statements, it is true that he moved into the premises, but there are no facts alleged which would have made it impossible for him to have moved again after he discovered that respondent was not going to lease to him. Indeed, business prudence would require that he move if he could have obtained a more favorable arrangement than the one which he finally entered into with Mrs. Friedman. However, he chose instead to remain, presumably because he could do no better, and hence there is no occasion to apply promissory estoppel to prevent his being defrauded.

■ Appellant urges that his complaint states a cause of action sounding in tort for fraudulent misrepresentation, to which the Statute of Frauds would be no bar.

He cites to us 23 Am.Jur., Fraud and' Deceit, sec. 50, which states the general rule that false representations as to title, made for the purpose of inducing a business transaction, may be the basis for an action in tort for damages. We do not disagree with such a broad generalization but do not find it determinative of the nature of this case. Appellant prayed for damages in a sum equal to the difference between the lease, and its various benefits, which he agreed upon with respondent, and the terms of the lease which he finally made with Mrs. Friedman. Further, appellant's damage arose from the fact that respondent refused to enter a valid written lease and not from the misrepresentations as to the title of the property, although appellant might not have moved so quickly had he not believed that respondent had the power to perform. His loss was occasioned by the loss of the bargain and not from any expense to which he was put because of defendant's inducement. Thus, it is obvious that his suit is upon the contract. See Papanikolas v. Sampson, 73 Utah 404, 274 P. 856.

Illustrative of the cases where a suit upon the fraud has been allowed where the Statute was interposed as a defense is Nanos v. Harrison, 97 Conn. 529, 117 A. 803, 805: Plaintiffs made a parol lease for 5 years with defendant, who assured them he had the right to lease the premises and that he would have a written agreement drawn to the terms decided upon. On the strength of these statements and the further assurances that they might enter into other contracts for improvement of the property, plaintiffs did enter such contracts at a cost to them of $2,000. When it was discovered that the defendant was without the power to execute a proper lease, the plaintiffs brought suit on the basis of constructive fraud, praying damages in the amount of $2,000. The court held that the proof of the oral lease was not offered to enforce the lease but simply as a fact in the history of the transaction, evidence of the fraud, saying:

"The action is not one to enforce the contract of lease either directly or indirectly. The action is based upon facts which grew out of the making of the lease, but it is wholly collateral to it."

To state the facts of this case is to state the features which distinguish it from the present one. If an action sounding in tort were allowed in every instance where the contract was unenforceable because not in writing and barred by the Statute of Frauds, the statute would be rendered meaningless. As stated in 37 C.J.S., Frauds, Statute of, § 224:

" * * * the operation of the statute is not confined to cases where an action is brought directly on the contract. Whatever the form of the action may be, if the proof of a promise or contract within the statute is essential to maintain it, there can be no recovery unless the statute is satisfied

392

* * *. Even an action sounding in tort may be barred by the statute where an essential element of the cause of action is an oral contract within the statute; but where the oral contract or representation is a mere circumstance or incident of a fraud it may be shown in an action in tort for damages as the statute has no application to such a case."

Affirmed. Costs to respondent.

CROCKETT, HENRIOD and WADE, JJ., concur.

WORTHEN, J., concurs in the result.