Malcolm N. McKINNON, Plaintiff and Appellant,

v.

The CORPORATION OF the PRESIDENT OF the CHURCH OF JESUS CHRIST OF LATTER–DAY SAINTS, a corporation, Defendant and Respondent.

No. 13553.

Supreme Court of Utah.

Dec. 17, 1974.

1. Rule 8(c), U.R.C.P.

Keith E. Taylor, LeRoy S. Axland, Parsons, Behle & Latimer, Salt Lake City, for plaintiff and appellant.

Wilford W. Kirton, Jr., Dan S. Bushnell, Richard R. Neslen, Kirton, McConkie, Boyer & Boyle, Salt Lake City, for defendant and respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action to recover fifteen million dollars in damages which he allegedly sustained by defendant's breach of an oral contract to convey a haulage way for coal over certain federal lands in which defendant had a leasehold interest. After engaging in extensive discovery, defendant moved for summary judgment, which the trial court granted. Plaintiff appeals therefrom.

In February, 1959, plaintiff sold the fee title of a 480 acre parcel of coal bearing land to defendant for the sum of $264,000. In March of the same year, plaintiff proposed to withdraw his application with the Bureau of Land Management to lease a 640 acre tract immediately west of the initial purchase, and if the church were granted the lease that it assign a portion of the property to plaintiff so that he might develop a practical haulage way around the fault. Thereafter on June 18, 1959, Cooperative Security Corporation, through its President, Henry D. Moyle, applied for a lease of the government land; on March 1, 1962, the lease was granted. Prior to the government's granting of the lease, plaintiff's legal counsel discussed the matter with Mr. Moyle and explained that no one knew the length the fault extended and that possibly it continued into the federal land. Mr. Moyle expressed the view that plaintiff could be accommodated and a right of way granted, if it were necessary in the conduct of his coal mining operation.

Plaintiff submitted two checks, each in the amount of $7,000, which were dated June 28, 1960. These checks were never cashed but placed in a file with a notation that they were for a right of way and that the matter was pending. In his deposition plaintiff stated that these checks were a cash donation to defendant but that they were not to be cashed until the federal lease was granted and the right of way was granted to him in writing. In the deposition of plaintiff's legal counsel, who

conducted the negotiations for the right of way, he stated that prior to Mr. Moyle's death they discussed the possibility of the exchange of property owned by plaintiff in the Clearcreek area for the property upon which were to be the haulage rights. Plaintiff's counsel conceded that the specific terms were to be determined after the federal lease was acquired; however, after this event occurred, he never proposed specific terms and consequently no formal written agreement delineating the bargain was executed.

In December, 1966, Cooperative Security Corporation granted an option to Peabody Coal Company which included the federally leased lands. In February, 1967, plaintiff contacted defendant in regard to the right of way. On June 1, 1968, plaintiff granted an option to Peabody Coal Company and subsequently executed a thirty year lease. Plaintiff concedes that there was no adjustment in the price for the lease he granted to Peabody because of the potential problem created by the fault.

Plaintiff filed this action April 12, 1972. Plaintiff predicated his claim on the theory that defendant had transferred its interest to Peabody Coal Company without reserving a right of way for plaintiff and prior to plaintiff's ascertaining whether the fault line, in fact, traversed defendant's leased property. In its answer, defendant denied the existence of any agreement, written or oral, and pleaded the Statute of Frauds, Sections 25–5–1 and 25–5–3, U.C.A.1953, and the Statute of Limitations, Section 78–12–25(1)(2), U.C.A.1953.

█ There is no writing in the record which satisfies the Statute of Frauds, Section 25–5–3, U.C.A.1953. Plaintiff has urged that the relinquishment of his pref-erential right to lease the federal land constituted sufficient part performance to take the contract out of the Statute of Frauds. The doctrine of part performance is not available in an action at law for monetary damages for breach of an oral contract to convey land.[1]

Plaintiff further urges that defendant was estopped to assert the Statute of Frauds or Statute of Limitations.

█ In Ravarino v. Price [2] this court explained that an estoppel will not arise simply because of a breach of promise as to future conduct or because of a disappointment of expectations of an executory agreement. An exception is recognized when a misrepresentation as to the future operates as an abandonment of an existing right of the party making the misrepresentation, i. e., the promise as to future conduct must constitute a manifestation that the promissor will abandon an existing right which he possesses. Fraud, generally, cannot be predicated upon the failure to perform a promise or contract which is unenforceable under the statute of frauds, for the promissor has not, in a legal sense, made a contract; and, therefore, he has the right, both in law and equity, to refuse to perform.

█ In Easton v. Wycoff [3] this court stated that the doctrine of promissory estoppel had been extended, in a limited form, to those cases concerned with the Statute of Limitations or the Statute of Frauds, where the promise as to future conduct constituted the intended abandonment of an existing right of the promissor. However, a mere promise to execute a written contract and a subsequent refusal to do so is insufficient to create an estoppel, although reliance is placed on such a

1. Baugh v. Darley, 112 Utah 1, 184 P.2d 335 (1957); Ravarino v. Price, 123 Utah 559, 260 P.2d 570 (1953); Baugh v. Logan City, 27 Utah 2d 291, 495 P.2d 814 (1972).

2. Note 1, supra.

3. 4 Utah 2d 386, 295 P.2d 332 (1956).

promise and damage is sustained as a consequence of the refusal. The acts and conduct of the promissor must so clearly manifest an intention that he will not assert the statute that to permit him to do so would be to work a fraud upon the other party.

Plaintiff has marshalled a plethora of factual issues which he urges must be resolved by a trial, but none involves conduct on the part of the defendant that is tantamount to a representation that it would not avail itself of the Statute of Frauds or the Statute of Limitations. The judgment of the trial court is affirmed. Costs are awarded to defendant.

ELLETT and TUCKETT, JJ., concur.

CROCKETT, Justice (concurring):

I agree with the affirmance of the judgment, because the trial court could determine as a matter of law (1) that no contract was entered into; and (2) that in any event, the plaintiff could show no damage, because he sold his property without any lessening of the price due to lack of the easement.

HENRIOD, J., concurs in the views expressed in the concurring opinion of CROCKETT, J.