## BAUGH v. DARLEY.

No. 7014. Decided September 8, 1947. (184 P. 2d 335.)

1

See 37 C. J. S. Frauds, Statute of, Sec. 249. Doctrine of part performance of parol contract to convey real property, see note 101 A. L. R. 923. See, also, 49 Am. Jur., 766.

*L. E. Nelson*, of Logan, for appellant.
*Preston & Harris*, of Logan, for respondent.

WOLFE, Justice.

Appeal from a judgment of the first district court for plaintiff for $480 with interest and costs.

Plaintiff commenced this action in the city court of Logan, alleging in his amended complaint that he was an expert real estate salesman and well acquainted with the real estate market and real estate values in and around Wellsville, Utah; that the defendant was the owner of certain described land; that the defendant entered into an *oral* agreement with plaintiff whereby defendant agreed to sell to plaintiff the above mentioned land for $95 per acre (total of $3,562.50) payable $500 cash, and balance upon delivery of the deed and abstract of title, and that defendant agreed to have the deed and abstract ready within a few days; that thereupon plaintiff executed and delivered to defendant a check as follows:

"Logan, Utah, April 21, 1945, No.—
"Logan Branch
"First Security Bank of Utah   97 – 21

12

"National Association pay to the order of Raymond B. Darley $500.00 Five Hundred and no/100 Dollars
"37½ Acres
"Payable $95.00 Dollars per Acre

"W. Baugh
"Rent 13 Per Acre";

that defendant accepted the check as down payment of the purchase price; that defendant endorsed and cashed the check; that plaintiff thereafter entered into a contract to sell the same land to one Perkins at a profit of $525; that when defendant learned of this he refused to sell the property to plaintiff, but instead sold it to Perkins for the amount Perkins had agreed to pay plaintiff, and that plaintiff thereby unjustly enriched himself in the sum of $525 plus the down payment of $500; that plaintiff had refused to pay the same, or any part thereof, except $500 paid after commencement of suit without prejudice to the right of either party.

A second count alleged substantially the same facts, but was based on a theory of breach of contract.

Defendant's general demurrer to the complaint having been sustained, and plaintiff having failed to amend his complaint within the time allowed by the court to do so, a judgment of dismissal was entered. Plaintiff appealed to the district court.

The district judge overruled the defendant's amended demurrer, and the case was tried on the merits without a jury, resulting in judgment for the plaintiff in the sum of $480 with interest and costs.

Defendant has assigned numerous errors most of which go the sufficiency of plaintiff's pleading and proof to make out a cause of action.

In paragraph 4 of the complaint, plaintiff alleges that defendant *orally* agreed to sell him certain land. Sec. 33-5-3, U. C. A. 1943, provides:

"Every contract for the leasing for a longer period than one year, or for the sale, of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, is in writing subscribed by the party by whom the lease or sale is to be made, or by his lawful agent thereunto authorized in writing."

Plaintiff relies on the doctrine of part performance to take the contract out of the statute of frauds. He urges that his efforts to re-sell the property and his contract

to sell the property to Perkins, together with his down payment of $500 to defendant, amounted to a sufficient part performance to take the contract out of the statute of frauds. In 2 Williston on Contracts, Sec. 494, page 1430, it is said:

"From an early day *courts of equity* have excepted from the operation of the Statute of Frauds contracts for the sale of land where there has been part performance, so called, of the contract." (Italics added.)

The basis of the doctrine originally was that equity would not permit the statute to be used as an instrument for the perpetration of a fraud. The doctrine is now firmly established in the rules of equity jurisprudence of both England and most of our states. It is almost equally well established that the doctrine is purely equitable in nature, and has no place in an action at law. The doctrine is not available to a plaintiff who brings an action at law for money damages on an oral agreement to purchase land. See 1 Pomeroy's Equity Jurisprudence, Sec. 103; 2 Williston op. cit. Sec. 494, p. 1440. The cases holding to this rule are collected and discussed in an Annotation in 59 A. L. R. 1305.

Since the second count of the complaint is based on a breach of the oral agreement to sell the land, and is an action at law for money damages, the doctrine of part performance is not available to plaintiff, and it is unnecessary for us to consider whether or not the acts alleged by plaintiff as part performance would be sufficient to take the contract out of the statute in an equity suit for specific performance. It is clear that the second count of the complaint did not state a cause of action.

We turn now to the question of whether or not the first count states a cause of action in unjust enrichment. It raises a question not heretofore determined by this court. The plaintiff is, in effect, seeking recovery for the value of services in procuring a purchaser for land, where such

services were rendered by the plaintiff in reliance upon an oral agreement to purchase the land from the defendant, and where such performance was made for the plaintiff's own advantage.

Unjust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another. *Hummel* v. *Hummel*, 133 Ohio St. 520, 14 N. E. 2d 923, 927; *Federal Corporation* v. *Radtke*, 229 Wis. 231, 281 N. W. 921, 923; *Richland County Bank* v. *Joint School District No. 2 of Boaz*, 213 Wis. 178, 250 N. W. 407. The benefit may be an interest in money, land, chattels, or choses in action; beneficial services conferred; satisfaction of a debt or duty owed by him; or anything which adds to his security or advantage. American Law Institute Restatement of Restitution, Sec. 1, comment b.

We must now determine whether or not the plaintiff has conferred a benefit upon the defendant. The down payment of $500 has been returned to the plaintiff so we have no question as to that. The plaintiff made no improvements upon the land, so there is no enrichment in that respect. But, plaintiff contends that the efforts expended by him in procuring a purchaser for the land were beneficial services, by which the defendant has become unjustly enriched.

The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor. Restatement of Restitution, Sec. 1, comment c. Services officiously or gratuitiously furnished are not recoverable. Restatement of Restitution, Sec. 2. Nor are services performed by the plaintiff for his own advantage, and from which the defendant benefits incidentally, recoverable. See Restatement of Restitution, Sec. 40, comment c; and Sec. 41 (a) (i).

When a contract for personal services is not enforceable or is void under the statute of frauds because not performable within a year, the courts will generally per-

mit the plaintiff to recover the reasonable value of services rendered by him, in pursuance of the oral agreement.

Services performed by the plaintiff outside the terms of the agreement would, of course, ordinarily be voluntary and, therefore, such services could not in any case be recoverable regardless of the statute of frauds. However, one might perform work or services intended for his own benefit, or for the benefit of another, in *reliance upon* as distinguished from *in pursuance of* an unenforceabale agreement. Generally, unless such services enhance or benefit the property of the defendant or otherwise confer on him a direct benefit, they do not form the basis for a contract imposed by law because there is no "unjust enrichment" as that term is used in law. Where such services operate to confer a direct benefit upon the defendant, they may be recoverable.

It could not be seriously contended that plaintiff's efforts to re-sell the land were called for in his oral agreement with the defendant. They were in fact, not services performed for another. They were services performed for himself. All that he was required to do under that agreement was to pay for the land. Therefore, he is not entitled to recover in unjust enrichment unless his services have conferred a benefit upon the plaintiff as the term "benefit" is herein used.

The most that can be contended for plaintiff's efforts is that they made known to a willing purchaser the fact that the defendant's land was available for purchase at a certain price. This benefit, if such it was, was at best only a mere incident to the plaintiff's efforts to enrich himself. It did not increase the intrinsic value of the land. It did not give the defendant any legal rights which he did not previously have. It did not increase his estate, nor give him a position of greater security. It did not remove any legal liability.

If the defendant, instead of selling the land to Perkins, had retained title in himself, there could be no claim what-

soever that he derived any benefit from the plaintiff's efforts. And the result would be no different if he had sold to some other person, whom plaintiff had not contacted in his efforts to resell the property. So also if the defendant had sold the land to Perkins at the same price at which he agreed to sell to the plaintiff, there could be no claim that the defendant was thereby enriched. Any benefit which the defendant acquired by way of an increased price for the land he acquired by virtue of his negotiations with Perkins, not by virtue of the plaintiff's efforts except as stated above that such efforts apprised Perkins that the property was available for sale—a remote and incidental benefit. We do not think that plaintiff conferred a "benefit" upon the defendant in the sense in which that term is used in the law of unjust enrichment.

In the case of *Boone et al.* v. *Coe*, 153 Ky. 233, 154 S. W. 900, 903, 51 L. R. A., N. S., 907, the defendant owned farm land in Texas. He orally agreed with the plaintiffs that if they would leave their homes in Kentucky and come to Texas and cultivate his farm, they could live on the farm in a dwelling to be constructed for that purpose by the defendant. The period of tenancy was to be one year from the date of plaintiffs' arrival at the farm. The plaintiffs went to considerable expense in time, money, and effort to move their households to Texas. When they arrived, the defendant refused to permit them to perform the contract, or to live in the dwelling. The court held that the agreement was unenforceable under the statute of frauds, and therefore the plaintiffs could not recover for breach of contract. It further held that there could be no recovery in quasi-contract because there was no benefit to the plaintiff. The court said:

"In the case under consideration the plaintiffs merely sustained a loss. Defendant received no benefit. Had he received a benefit, the law would imply an obligation to pay therefor. Having received no benefit, no obligation to pay is implied. The statute says that the contract of defendant made with plaintiffs is unenforceable. Defendant therefore had the legal right to decline to carry it out. To require him to pay plaintiffs for losses and expenses incurred on the

faith of the contract, without any benefit accruing to him, would, in effect, uphold a contract upon which the statute expressly declares no action shall be brought."

We think the language and reasoning of the case above quoted is applicable to the case at bar.

It should be noted in passing that even if the complaint stated a cause of action in unjust enrichment we would be bound to reverse on the question of damages. The court below allowed as damages the difference between the price at which defendant agreed to sell to the plaintiff, and the price at which plaintiff contracted to sell to Perkins. In other words, the plaintiff was permitted to recover the lost fruits of his contract. This is the measure of damages in actions for breach of contract, but in an action for unjust enrichment, in those cases where there is a proper equitable basis for the same, the measure of damages, by the great weight of authority, is the reasonable value of the services rendered. The rule is stated thus in Williston op. cit. Sec. 536:

"Since the defendant has committed no legal wrong in refusing to perform an unenforceable contract, the plaintiff's measure of restitution is based, not on the extent of his lost advantage from the nonperformance of the contract, but on the reasonable value of what he has done."

See also *Fabian* v. *Wasatch Orchard Co.*, 41 Utah 404, 125 P. 860, L. R. A. 1916D, 892.

There is another equally strong reason why the plaintiff cannot be permitted to recover in this case. Sec. 33-5-4, U. C. A. 1943, provides:

"In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof, is in writing subscribed by the party to be charged therewith: * * *

"(5) Every agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation."

As pointed out, supra, courts will generally allow recovery for services rendered in the performance of an oral

agreement not enforceable because not performable within a year. Recovery is also allowed for services rendered in reliance upon such agreement, if such services confer a benefit on the defendant. But the rule is otherwise on agreements falling within the section of the statute last quoted.

The Restatement of Contracts, Sec. 355 (3), reads as follows:

"The remedy of restitution is not available if the statute that makes the contract unenforceable so provides, *or if the purpose of the statute would be nullified by granting such a remedy.*" (Italics added.)

Illustration 7 under the above quoted section is as follows:

"It is provided by statute that a real estate broker shall have no right to a commission for making a sale unless he has a contract or authority in writing from his principal. A broker who makes a sale for his principal without such written contract or authority cannot get judgment for the value of his services."

The reason for the difference in the rules under the different sections of the statute of frauds is pointed out in *Blair* v. *Austin*, 71 Neb. 401, 98 N. W. 1040. In the case of an agreement for services, unenforceable because not to be performed within a year, a recovery for services rendered is in no way interfered with by the statute. The statute does not make an agreement to do that particular work void unless in writing. It is the length or period of the services, not the nature of the services to which the statute pertains. Consequently, the statute of frauds is not in any way inimical to a recovery on the implied contract for the work actually done. The same reasoning is applicable to the cases where recovery is allowed for the reasonable value of improvements to land, where such improvements are constructed in reliance on an oral agreement to purchase the land. It is the express oral agreement for the sale of land to which the statute denies enforceability; not to the promise implied in law to pay the reasonable value of the improvements furnished in reliance on the

contract. It is different with the statute on broker's agreements. It provides that any agreement for the performance of services as a real estate broker shall be void unless in writing. The statute is as applicable to contracts implied in law as any other. In effect it forbids any recovery for services in selling land which are not provided for by written agreement. See also Page on the Law of Contracts, Sec. 1413.

The statute now under discussion was construed by this court in *Case* v. *Ralph,* 56 Utah 243, 188 P. 640, 642, where, speaking through Mr. Justice Frick, we said:

"The courts generally hold that under such a statute a real estate broker or agent cannot recover commission for services rendered in either selling or procuring a purchaser for real property unless it appears: (1) That there is an express contract or agreement of authority in which the terms and conditions of his employment, if any, and the amount of his commission, etc., are stated; (2) that such contract be in writing; (3) *that in the absence of such an express contract no recovery can be had for the reasonable value of the services rendered as upon a quantum meruit, nor for the money and time expended for the use and benefit of the owner of the property.*" (Italics added.)

And in *Watson* v. *Odell,* 58 Utah 276, 198 P. 772, 775, 20 A. L. R. 280, we said:

"Under our statute, the plaintiff could recover a commission only by virtue of a contract. *He could not recover as upon a quantum meruit.* [Citing *Case* v. *Ralph,* supra]." (Italics added.)

See also *Smith Realty Co.* v. *Dipietro et ux.,* 77 Utah 176, 292 P. 915.

In *Hale* v. *Kreisel,* 194 Wis. 271, 215 N. W. 227, 228, 56 A. L. R. 780, in construing a statute similar to ours the Supreme Court of Wisconsin said:

"*These statutes leave no opportunity for the law to imply a contract. They apply to implied agreements as well as to those that are express.* * * *" (Italics added.)

For other cases to the same effect see *Paul* v. *Graham et al.,* 193 Mich. 447, 160 N. W. 616; *Smith* v. *Starke,* 196

Mich. 311, 162 N. W. 998; *King* v. *Benson*, 22 Mont. 256, 56 P. 280; *Zimmerman* v. *Zehender*, 164 Ind. 466, 73 N. E. 920, 3 Ann. Cas. 655; *Barney* v. *Lasbury*, 76 Neb. 701, 107 N. W. 989; *Holland* v. *Flash*, 20 Cal. App. 686, 130 P. 32; *Cushing* v. *Monarch Timber Co.*, 75 Wash. 678, 135 P. 660, Ann. Cas. 1914C, 1239; *Weatherhead* v. *Cooney*, 32 Idaho 127, 180 P. 760; and *Goen et al.* v. *Hamilton*, Tex. Civ. App., 159 S. W. 2d 231, 234. The cases are collected in 17 A. L. R. 891 and 56 A. L. R. 783.

It is clear that if the plaintiff had had an oral agreement to act as agent for the defendant in selling the land, or in procuring a purchaser therefor, he would not have been entitled to recover for the value of his services. We can see no reason why he should be in any better position when he did not even have an oral agreement to perform the services which he did perform.

For the foregoing reasons the judgment is reversed. Costs to appellant.

McDONOUGH, C. J., and PRATT and LATIMER, JJ., concur.

WADE, Justice (concurring and dissenting).

I concur with the result on the grounds that the statute of frauds makes void any agreement, not in writing, authorizing or employing an agent or broker to sell real estate for compensation. If a person cannot, without putting it in writing, make a valid express agreement to pay for such services he cannot do so by implication.

I do not, however, agree with the result reached in the prevailing opinion on the question of unjust enrichment. I think that, were it not for the provisions of the statute above referred to, the facts in this case are such that equity would require defendant to pay plaintiff the reasonable value of his services in procuring a purchaser for this property on the ground that defendant was thereby unjustly enriched, and that equity would imply a promise to pay for such services. Plaintiff, relying on defendant's oral promise to

sell and convey this property to him, found a purchaser therefor who was ready, willing and able to purchase the property and pay therefor a greater price than defendant had agreed to take from plaintiff. When defendant learned of this he refused to sell to plaintiff but sold directly to the purchaser found by plaintiff and received the increase in price. He thus induced plaintiff to render to him valuable services, by his promise which he refused to fulfill, but availed himself of the direct benefits thereof without paying therefor. In other words, by his void promise to sell to plaintiff he induced plaintiff to find a purchaser for the property who paid him an increased price therefor but refused to pay plaintiff for the benefits which he received from such services. To my mind these facts bring this case squarely within the rules stated in the prevailing opinion on the question of when equity will hold that there has been an unjust enrichment, and will imply a contract to pay for such services. Here defendant directly benefited from plaintiff's services and were it not for the statute above referred to should be allowed to recover the reasonable value thereof. *Fabian* v. *Wasatch Orchard Co.*, 41 Utah 404, 125 P. 860, L. R. A. 1916D, 892; *Whyte* v. *Rosencrantz*, 123 Cal. 634, 56 P. 436, 69 Am. St. Rep. 90; 12 Am. Jur. 502, Sec. 6; 37 C. J. S., Frauds, Statute of, § 260, p. 781.