[No. 37693.   Department Two.   July 29, 1965.]

NEAL STEPHEN CRAWFORD, *Respondent*, v. MARGARET J. ALLEN
et al., *Appellants.**

*Jack Steinberg*, for appellants.

*Dore, Dubuar & Cummins* and *James D. Dubuar*, for
respondent.

FINLEY, J.—Neal Crawford, a general contractor, brought
suit for payment for work he did on the house of the de-
fendants. The case was presented to a superior court trial
judge, who resolved most of the factual issues in favor of
the plaintiff. The defendants, two women who owned a
small farm in a rural area outside of Redmond, Washington,
have appealed. Trouble started when an automobile
crashed into their house, causing extensive damage to the
basement and foundation. They engaged the services of
Crawford Construction Company, which set up temporary
supports in the walls until permanent work could be
started. From this point on, there is a factual dispute.

Crawford testified that he submitted a written bid for
$1,365.24. However, it was his understanding that this bid
was to be used only for the insurance settlement. The women
indicated that they would have $1,600 of the insurance

*Reported in 404 P.2d 767.

settlement for repairs, and they wanted to use part of that sum to remodel and enlarge part of the second story of the house. Crawford pointed out that the women decided they did not want him to do part of the items listed in the bid or estimate, and in fact he did not do them. After some time, Crawford realized that his work had exceeded the $1,600 figure. He tabulated the bill, which totaled $1,775.82. The defendants ostensibly were surprised and reluctant to pay, apparently, inasmuch as the work was not completed. Crawford testified that he agreed to forego his profit and overhead on the work already completed, thereby reducing the bill to $1,537.51. He also agreed to give the defendants eight additional days of free labor for finishing the job if they would pay his costs for materials. Crawford testified that he made this arrangement because he considered the defendants his friends, and he did not want to create any ill feelings. The defendants then gave Crawford a check for $1,537.51. Thereafter, Crawford finished the job and submitted an additional bill of $663.67 for the materials used. This bill was never paid, despite repeated billings. Finally, Crawford brought suit claiming that the second agreement was an accord and satisfaction, and, since the defendants had never performed the satisfaction (the payment for the additional materials), he could then sue for the original contract sum and the reasonable value of the services rendered under the accord.

The defendants presented a different view of the facts. They at first claimed that the written bid was in fact the contract between the parties. However, at trial, the defendants admitted that several jobs listed in the bid were not done by Crawford. The defendants conceded that they had Crawford do remodeling work on the second floor in place of the work specified by the bid. Thus, instead of using the insurance money to repair all the damage, the defendants applied part of the funds to remodel the second floor of the house. However, the defendants maintained that the bid price of $1,365.24 was still intended to be the limit of the work Crawford was to do. (Crawford testified that the defendants originally told him that the limit

would be $1,600.) The defendants testified that they were quite shocked when they received the bill for $1,775.82. They testified that they agreed to pay $1,537.51, despite the bid of $1,365.24, because they were willing to compromise the issue. On the other hand, it was also their position that the immediate payment of $1,537.51 was to be a full satisfaction of their obligation to Crawford, and the payment would cover all future work and materials supplied by him to finish the job. In other words, they denied that they agreed to pay for the additional materials, even though they admitted at trial that Crawford agreed to give eight more days of free labor to finish the job.

As already stated, the trial court resolved the factual issues in Crawford's favor and made the following findings: (1) that the original contract set a limit of $1,600 for the work; (2) that the parties reached an accord in which the plaintiff agreed to accept $1,537.51 as an accord respecting his claim of $1,775.82, and that the defendants would pay for the materials needed to finish the work and the plaintiff would give eight days of free labor to finish the job; (3) that after the accord the plaintiff furnished $641.91 in materials and $480.98 in labor and overhead (the findings provide $489.00 for this latter item but this is an obvious transposition error). Since there is substantial evidence to support the findings of the trial judge, they will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

The trial judge also ruled that the defendants breached the accord when they refused to pay for the materials supplied by the plaintiff Crawford to complete the job. The law is clear. When the debtor breaches the accord, the creditor can choose whether to sue on the original obligation or on the accord. Restatement, Contracts § 417 (c) (1932). Here the plaintiff elected to sue in contract based upon the original agreement and in quantum meruit for the services rendered under the accord. The trial judge made the following computations:

1. For work performed ................ $489.00 (transposition)
2. Materials furnished ................. 663.67

                                          $1,152.67
3. Less credit for light fixture and a
    threshold not used ................ 21.91

                                          $1,130.76

This computation is slightly in error. It is our opinion that the appropriate computation of damages would be as follows:

1. Original contract amount ............ $1,600.00
2. Labor and overhead furnished after
    accord .......................... 480.98 (correct figure
                                              in record)
3. Net materials furnished after ........ 641.91

                                          $2,722.89
4. Less payment ...................... 1,537.51

5. Amount due ....................... $1,185.38

The first minor error in the trial court's computations deals with the first contract. The defendants paid only $1,537.51 on the original contract price of $1,600. After the accord was breached, the plaintiff had the choice, at least as to the original contract, to sue either on the original claim or on the accord. Here the plaintiff sued on the original contract. Thus, the defendants owed $62.49 on the original contract price of $1,600. Note that under the findings of the trial court and our computations the respondent has lost $175.82, which was the excess of his first claim of $1,775.82 over the $1,600 contract figure. When the plaintiff elected to sue on the original contract, he was limited to the contract price of $1,600, as found by the trial judge. We make these computations not to aid the respondent but to make crystal clear the application of the law of accord and satisfaction.

We note that there might be a question as to whether, after a breach of an accord, a creditor has remedies in addition to the right to sue on the original obligation or on the accord. Here the creditor entered an accord and satisfaction that required him to render additional performance. The trial court allowed him to recover the reasonable value

of this additional performance under quantum meruit. However, the appellant has not attacked the trial court's action on the ground that the plaintiff might have been limited to either recovery under the original contract or recovery under the accord. Thus we are not faced with this issue and need not determine whether the apparently equitable handling of the matter by the trial court was in error.

The appellant also argues that the trial court erroneously dismissed the cross claim for $500 in damages for faulty work. It is difficult for us to treat this argument seriously when we consider that the defendant never complained about the job until the answer was filed in this case; and, more importantly, defendant Margaret Allen, a co-owner of the house, admitted in open court that the cross claim was filed merely to recoup attorney fees that were expended in defense of the case. Further discussion of this assignment is unnecessary, save that the trial judge was correct when he dismissed the patently frivolous cross claim.

Finally, the appellants have alleged that the trial judge was biased against them, and that this was evidenced in the notes which the trial judge made during the trial. We are at a loss to understand how the attorney for appellants secured the trial judge's notes. Since such a charge is a serious matter, however, we have reviewed the record with extreme care respecting the conduct of the trial. An exhaustive search of the record has been a waste of time. The conduct of the trial judge clearly was above criticism. His notes indicated that he disbelieved the defendant Margaret Allen because of repeated inconsistencies in her testimony. Our search of the record only confirms the judge's conclusions about her testimony. We may close this unnecessary discussion with the statement that there is no foundation at all for the claim that the trial judge was biased against the defendants.

The other assignments of error do not merit discussion.

The judgment of the trial court, as modified above, is affirmed.

ROSELLINI, C. J., DONWORTH and WEAVER, JJ., and RYAN, J. Pro Tem. concur.