[No. 38855. Department One. May 18, 1967.]

BEARDMORE HEAVY HAULING & CRANE SERVICE, *Respondent and Cross-appellant*, v. S. G. MORIN *et al., Appellants.**

*Geo. W. Young,* for appellants.

*Hamblen, Gilbert & Brooke (Wm. F. Nielsen,* of counsel), for respondent and cross-appellant.

PER CURIAM.—S. G. Morin & Son, a copartnership, was awarded the contract to build Selkirk High School for consolidated school district No. 70. As general contractor, Morin & Son gave Beardmore Heavy Hauling & Crane Service the subcontract to erect the structural steel, joists and bridging, according to the plans and specifications, an undertaking which included unloading the structural steel from trucks at the site. From substantial evidence, the trial court found that the parties contemplated that Beardmore could begin erecting the structural steel November 15, 1963, but was delayed in performing its contract because Morin

*Reported in 427 P.2d 975.

had not completed the footings and other foundation work essential to putting in the steel framing.

Although the delay in preparing the site was due largely to heavy rains, the court fixed contractual responsibility for it on the general contractor. As one of the consequences of the delay, Beardmore incurred an added expense in unloading several trucks of steel which were delivered to the construction site before Beardmore had its own unloading equipment available. Beardmore brought an action to recover for damages caused it by the delay, but the trial court found it had suffered no damages by reason of the starting delay other than the $550.25 unloading cost.

■ From a judgment awarding plaintiff Beardmore $550.25 as damages for Morin's delay and an attorney's fee of $750—reduced by agreement to $550—defendant Morin appeals and plaintiff Beardmore cross-appeals. As to the judgment of $550.25 awarded plaintiff in damages caused by defendant's delay in preparing the site and footings, we are of the opinion that the findings of fact were amply supported by the evidence and in turn support the conclusions of law and that the whole record, therefore, sustains the judgment. We advert to the familiar rule that, if the findings of fact are supported by substantial evidence, they will not be disturbed on appeal. *Crawford v. Allen,* 66 Wn.2d 693, 404 P.2d 767 (1965); *Henderson v. Johnson,* 66 Wn.2d 511, 403 P.2d 669 (1965). Plaintiff's cross-appeal we find to be without merit.

As to the attorney's fee of $550 allowed in a reasonable sum instead of a statutory amount, we think appellants' position sound. The court awarded plaintiff a reasonable attorney's fee on the theory that its cause of action arose under a claim against defendant's surety pursuant to RCW 39.08.030. Defendant United Pacific Insurance Company had, in accordance with RCW 39.08, become surety for S. G. Morin & Son in the performance of its contract to build the school and particularly in compliance with RCW 39.08.010 requiring a performance bond on all public contracts. The bond, under this statute, responds to claims for

materials furnished and labor or services rendered in performing the construction contract provided that notice of a claim therefor is duly filed pursuant to RCW 39.08.030. This statute, as with other statutes providing for foreclosure of mechanics' and materialmen's liens, allows recovery of a reasonable attorney's fee in any action or suit brought against the surety.

■ Although plaintiff Beardmore did file a notice in accordance with RCW 39.08.030 and claim a reasonable attorney's fee therein, we think that this cause of action, being one for damages occasioned by the primary contractor's delay in preparing the site and not for any failure or refusal to pay for the materials furnished and work performed, was not the kind of claim contemplated by or included within RCW 39.08.030. Adopting the statutory procedure prescribed for filing a notice of a claim under RCW 39.08, did not change the substantive nature of the cause of action from a common-law breach of contract to a statutory remedy. The remedy sought was for a breach of contract only as to the time of performance, and not for refusal or inability of the general contractor to pay to the subcontractor the amount contracted for. Hence, the prevailing party was entitled only to his statutory costs and attorney's fee as in any other common-law action for breach of contract. This conclusion, we think, is in accord with the rationale of *Brear v. State Highway Comm'n,* 67 Wn.2d 308, 407 P.2d 423 (1965).

Therefore, the cause is remanded for vacation of the award for attorney's fee; plaintiff is allowed his statutory attorney's fee and costs in the superior court, and each party shall pay his own costs on appeal.