MERIDIAN CORPORATION,
Plaintiff and Appellant,

v.

McGLYNN/GARMAKER COMPANY and
First Security State Bank, Defendants
and Respondents,

Ron Case Roofing Company, General Gas
Service Company, Inc., et al.,
Intervening Co-Plaintiffs.

No. 14679.

Supreme Court of Utah.

July 29, 1977.

Craig G. Adamson, of Tibbals & Staten, Salt Lake City, for plaintiff-appellant.

H. Brent Beasley, of Ray, Quinney & Nebeker, Salt Lake City, for respondent.

George K. Fadel, Bountiful, C. Reed Brown, of Armstrong, Rawlings, West & Schaerrer, Salt Lake City, for co-plaintiffs.

ELLETT, Chief Justice:

■ The principal question presented on this appeal is whether a contractor licensed in another state may recover on his construction contracts in Utah where he has no license. Our statute provides that any "person, firm, copartnership, corporation, association, or other organization acting in the capacity of contractor . . . , without a license as herein provided shall be guilty of a misdemeanor."[1] The plaintiff, by constructing condominiums in Utah, comes squarely within the definition of a contractor as set out in our statute.[2]

■ This Court has held that the contracts of unlicensed contractors are void. In the case of *Olsen v. Reese*[3] we held:

The authorities are fairly uniform to the effect that failure to obtain a license which is required by a statute enacted solely for revenue purposes does not render contracts made by the offending party void. On the other hand, contracts made by an unlicensed contractor when in violation of a statute passed for the protection of the public are held to be void and unenforceable. Our statute is so worded as to indicate a legislative intent

---

1. 58–23–18, U.C.A.1953, as amended.

2. 58–23–3(3), U.C.A.1953, as amended.

3. 114 Utah 411, 416, 200 P.2d 733, 736 (1948).

to protect the citizens from irresponsible contractors. The statute, while not comprehensive provides for a small license fee. Control over the contractor is given to the Department of Registration. Upon an appropriate hearing, the department may, for unprofessional conduct, suspend or cancel the license. Good reputation and integrity are essential to obtaining a license and the entire object of the statute is protection of the public against fraudulent and illegal practice, which have always been recognized as a distinct characteristic of statutes, which are not mere revenue measures. The statute being enacted for the protection of the public, plaintiff's written contract is void . . . . .

The case of *Smith v. American Packing & Provision Co.*[4] held that it was necessary for a plaintiff, where a license is required, to allege that he had the license in order to state a cause of action. A license in another state cannot be substituted for a license in Utah.

The Plaintiff in this case is aware of our clear prior holdings; however, he urges us to overrule the case of *Olsen v. Reese* (supra, footnote 3). This we refuse to do. We think the case was properly decided, and we confirm the principles of law therein stated to be the law of this state.

Other matters are discussed in plaintiff's brief; however, they are not meritorious. The judgment of the trial court, holding that plaintiff could not recover, is affirmed. Costs are awarded to the respondent.

HENRIOD, Retired Justice, concurs.

HALL, J., concurs in the result.

CROCKETT, Justice (dissenting).

It is my opinion that this Court's decision does not conform to what should be its fundamental purpose: that of administering justice. I spare any extensive elaboration thereon by referring to my dissent in *Mosley v. Johnson,* 22 Utah 2d 348, 453 P.2d 149, but make the following brief comments.

I have no doubt that where the qualifications for a license involve a high degree of training and skill such as a physician or dentist, so that in the absence of such assurance of skill, there is a substantial risk to health or safety, one who presumes to render such a service without a license should not be able to recover therefor. However, where the service does not require such a high degree of training or skill, such as for example building a car port, putting in a fence or digging a basement, it seems to me manifestly unjust to permit one to accept a benefit and refuse to pay for it, because of some technical deficiency relating to the one who does the work. On the basis of unjust enrichment, the one who receives the benefit should be required to pay its reasonable value and the penalty upon the one rendering the service should be whatever is so prescribed by law.

In this instance, the statute merely provides that one who acts without a license shall be guilty of a misdemeanor. If the legislative intent had been that such contracts were void, the statute should have so declared. My conclusion is that to deny the plaintiff any recompense for the work performed imposes a penalty not provided for by the statute and one which permits the defendants to have an unfair and unjust advantage. As to unjust enrichment see *Baugh v. Darley,* 112 Utah 1, 184 P.2d 335, 337 (1947).

MAUGHAN, J., concurs in the dissenting opinion of CROCKETT, J.

WILKINS, J., having disqualified himself, does not participate herein.

4. 102 Utah 351, 130 P.2d 951 (1942).