COX CONSTRUCTION COMPANY, INC., Plaintiff and Respondent,

v.

STATE ROAD COMMISSION of Utah, Defendant and Appellant.

No. 15499.

Supreme Court of Utah.

July 31, 1978.

---

8. See Rule 20, U.R.C.P.

9. *Charlton v. Hackett*, 11 Utah 2d 389, 360 P.2d 176.

Robert B. Hansen, Atty. Gen., Leland D. Ford, Asst. Atty. Gen., Salt Lake City, for defendant and appellant.

John F. Piercey, Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Defendant appeals from a summary judgment awarding pre-judgment interest.

Prior to January 29, 1971, the parties had entered into a number of contracts for the construction of highways in various parts of the State of Utah. The record before us is far from complete, but apparently most of the work had been paid for. However, plaintiff filed suit to collect additional money claimed to be owing due to defendant's failure to correctly measure and pay for work done under the contract specifications section "Acceptance and Final Payment." On the aforementioned date, the parties entered into an Arbitration Agreement under the terms of which plaintiff's claims would be submitted to an arbitration panel. Although neither party adhered to the Agreement's time requirements,[1] said requirements were waived and the arbitration hearings proceeded without objection. During the hearings, the parties were able to resolve most of their differences and stipulations were entered into, thereby settling the amounts claimed on the projects. Although not paid in a lump sum, the settlements totaled nearly $69,000. The stipulations were silent on the subject of interest. Plaintiff says this was because the original complaint filed in district court asked for interest as well as principal damages and that the only purpose of the Arbitration Agreement was to determine the principal sum due. Defendant maintains that at that time it was mutually understood that the State was not obligated to pay interest on unliquidated claims of this nature.[2]

The plaintiff filed a motion for partial summary judgment seeking interest on the $69,000. The motion was granted and judgment was entered against defendant in the amount of $21,532.24. That award is the subject of this appeal.

The sole issue presented is whether the stipulations constituted full satisfaction of amounts due and owing or whether they

---

1. The Agreement required plaintiff's claims to be submitted within 90 days and defendant's responses thereto to be submitted within 60 days. Then within 60 days of the filing of defendant's responses, the arbitration board was to hold its hearing and rule within 30 days thereafter.

2. This court has since permitted the award of pre-judgment interest in the cases of *Uinta Pipeline Corp. v. White Superior Co.*, Utah, 546 P.2d 885 (1976) and *Jack B. Parson Co. v. State of Utah*, Utah, 552 P.2d 107 (1976).

were only to establish liability on the principal, the interest to be computed separately. Based upon basic principles of accord and satisfaction, we are inclined to reverse the trial court's award.

The general law on accord and satisfaction has been expressed as follows:

> Where a claim is unliquidated, or, if liquidated, there is a bona fide doubt or controversy exists as to whether anything is due, then an accord and satisfaction may be established and held binding, although there is payment of a sum less than that claimed by the creditor, or even a sum less than that which, on an actual computation, might be found due to the creditor. The consideration in the settlement of such a claim lies in the mutual concessions of the parties, . . . (Citing among other cases the case of *Ralph A. Badger & Co. v. Fidelity Building & Loan Association*, 94 Utah 97, 75 P.2d 669.) [3]

 In settling with the State on the amount due, plaintiff reasonably must have conceded any claim for interest it may have otherwise had. Where interest is payable merely as damages for non-payment of money when due, acceptance of the principal amount bars any claim for interest.[4] The Arbitration Agreement may well have reserved the issue of interest for the trial court's determination, however, the subsequent stipulations of the parties clearly supersede all prior agreements. They specifically state "that plaintiff's claim . . . shall be compromised and settled . . ." We deem that language to be inclusive of all claims, including interest.

Furthermore, the stipulations settling the account between the parties make no attempt to preserve an action for interest due. They were drafted by plaintiff, hence any ambiguity therein must be construed against plaintiff.[5]

Finally, this case is fraught with delay. Some of the projects for which payment was sought were completed as early as 1967. Sometime after the complaint was filed, the Arbitration Agreement was entered into in 1971. As indicated *supra*, none of the time requirements contained in the agreement were complied with. The last settlement stipulation was entered into in July 1974, yet the motion for partial summary judgment was not filed until November 1976. The interest claim therefore appears to have been somewhat of an afterthought inasmuch as the motion was not filed for over 28 months after the last payment was made.

Reversed. No costs awarded.

ELLETT, C. J., and MAUGHAN, CROCKETT and WILKINS, JJ., concur.

---

**3.** 1 Am.Jur.2d, Accord and Satisfaction, Sec. 33.

**4.** 1 C.J.S. Accord and Satisfaction § 29a(3).

**5.** *Wells Fargo Bank, N.A. v. Midwest Realty & Finance, Inc.*, Utah, 544 P.2d 882 (1975).