L & A DRYWALL, INC., Plaintiff
and Respondent,

v.

WHITMORE CONSTRUCTION CO.,
INC., Defendant and Appellant.

No. 16113.

Supreme Court of Utah.

March 4, 1980.

Arthur H. Nielsen and Clark R. Nielsen, of Nielsen, Henriod, Gottfredson & Peck, Salt Lake City, for defendant and appellant.

Steven C. Vanderlinden, Farmington, for plaintiff and respondent.

HALL, Justice:

Appeal from a grant of summary judgment in favor of L & A Drywall, Inc. (hereinafter "plaintiff"), against Whitmore Construction Co., Inc. (hereinafter "defendant").

Defendant, a Utah construction company, contracted in 1972 to act as general contractor in the construction of a 66-unit apartment complex for a Mr. Vern Bowdle. Pursuant to this contract, defendant contracted with plaintiff, as subcontractor, to provide labor and materials for the drywall, accoustical spray, and miscellaneous other services outlined in the architect's plans. The initial contract price between plaintiff and defendant was $56,000.

During 1972 and 1973, various delays in construction created numerous disputes among defendant, plaintiff and Mr. Bowdle. In October of 1972, plaintiff, claiming it was owed $16,799 which defendant had not yet paid, filed a notice of lien on the project. The parties then pursued negotiations, which resulted, on May 31, 1973, in a written agreement partially disposing of the dispute involved in the subcontract. Pursuant to that agreement, plaintiff released the lien which had been filed, defendant paid plaintiff $3,100, and $12,000 was placed by defendant in a special savings account pending the determination of the issues of alleged delay and damages resulting therefrom, which issues were to be "submitted to the appropriate courts" by the plaintiff. Plaintiff then filed the present action, claiming as damages the $12,000 remaining in the special savings account created under the agreement. Defendant answered and counterclaimed, denying indebtedness to plaintiff and claiming offsets and damages for plaintiff's delay and for the filing of an improper lien on the property.

Shortly thereafter, Mr. Bowdle also filed an action against defendant, alleging damage by reason of delays in the construction of the apartment complex. Defendant again answered and counterclaimed, asserting numerous offsets and claims of damage against Bowdle.

On January 26, 1976, plaintiff and defendant negotiated and signed an additional agreement, which forms the substance of this appeal. Entitled "Agreement of Settlement," the document purported "to compromise, settle and adjust said action (pending in court between plaintiff and defendant) and all matters of difference which now exist and have heretofore existed between the parties." The agreement acknowledged the action filed by Bowdle against defendant, and expressed the parties mutual belief that the claims therein were without merit. The agreement then asserted that one half of the $12,000 in the savings account, including interest accrued thereon, should be paid immediately to plaintiff. An additional one-fourth of the amount in the account, including interest accrued, should be paid immediately to defendant. The remaining funds in the account were to remain on deposit to await distribution according to the outcome of the action filed by Bowdle. In the event that Bowdle was unsuccessful in his claims, defendant was obligated to further compensate plaintiff under the subcontract to the extent of one-seventh of the amount saved by the defendant as a result of the outcome of the litigation with Bowdle (such amount to be paid first from the remaining funds in

the savings account). In the event that Bowdle was successful in his claim, all funds in the account should be paid to defendant. The agreement then provided that "(defendant) agrees not to compromise or settle said action with Bowdle in respect to said claim for failure to complete construction timely without the consent of (plaintiff); provided such consent shall not be withheld unreasonably; and provided further that *in any event (defendant) may settle by payment to (plaintiff) of the additional sum of $6,000.*" (Emphasis added.)

Pursuant to the agreement, plaintiff received one half of the amount on deposit, and defendant received one-fourth thereof. Thereafter, on March 23, 1976, defendant and Bowdle mutually agreed to withdraw all claims, thus totally settling the action pending between them. Plaintiff, upon learning of this settlement, immediately demanded that defendant pay to plaintiff $6,000 plus all interest thereon from the savings account, such interest amounting to $1,043.01. Defendant agreed to make the payment of $6,000, but pointed out that the language of that provision in the agreement of settlement invoked by plaintiff made no provision for the payment of interest from the savings account in addition thereto. As a result of this dispute, defendant paid no funds to plaintiff prior to July 30, 1976, on which date plaintiff filed with the court a motion for summary judgment against defendant in the action underlying the agreement of settlement. The motion, by its terms, was "based on accompanying affidavit signed by the attorney for plaintiff and the stipulation entered into between the plaintiff and defendant in this case, a copy of which is attached hereto."

Hearing was held on August 16, 1976, at the conclusion of which the court granted plaintiff's motion for summary judgment and awarded $6,000 plus the $1,043.01 in interest from the savings account. Defendant thereupon paid to plaintiff the $6,000 as provided in the settlement agreement, but withheld the payment of the interest funds.

Defendant timely pursued a motion to alter and amend the judgment by striking therefrom the award of interest from the savings account, which motion was refused. Likewise refused was a motion to vacate the order denying defendant's motion to alter and amend judgment. Thereupon, defendant filed notice of appeal to this Court.

Defendant's appeal to this Court is limited to that portion of the summary judgment granting payment to plaintiff of the interest funds in the account. Such an award, claims defendant, was improperly granted on motion for summary judgment.

In reviewing the grant of a motion for summary judgment, this Court adopts the same analytical standard incumbent upon the trial court: the grant of such a motion (or the affirmance thereof) is appropriate only where there exist no genuine issues of fact relevant to the disposition of the claim underlying the motion.[1]

In the present case, we are unable to agree that, in light of the above standard, the action of the trial court was proper. Plaintiff's motion for summary judgment, by its own express terms, rested squarely upon two documents filed in support thereof: a copy of the agreement of settlement, and the affidavit of Steven C. Vanderlinden, attorney for the plaintiff. In direct contradiction to the language of the relevant provisions of the agreement of settlement (quoted supra), Mr. Vanderlinden's affidavit asserts that "pursuant to the formula in the agreement of settlement, if (the action between defendant and Bowdle) was dismissed with prejudice, . . . the defendant would reimburse the plaintiff for $6,000, *plus the interest accumulated in that account.*" (Emphasis added.) This apparent contradiction renders totally untenable the assertion, implicit in the trial court's grant of summary judgment, that the agreement of settlement included the payment of interest over and above the $6,000 in the event of settlement, and that such inclusion was established beyond all factual dispute.

1. Rule 56(c), U.R.C.P.; *Durham v. Margetts,* Utah, 571 P.2d 1332 (1977); *National American*

*Life Ins. Co. v. Bayou Country Club,* 16 Utah 2d 417, 403 P.2d 26 (1965).

Plaintiff, on appeal, attempts to avoid this difficulty by asserting that when defendant failed, upon settlement of its suit with Bowdle, to make immediate payment of the amount due under the agreement of settlement, that the agreement was abrogated. As such, the grant of summary judgment represented an award based, not on the agreement itself, but on the underlying dispute existing between the parties. Plaintiff therefore seems to assert that when no immediate payment was made, the agreement of settlement was rescinded and the underlying claims were revived. This assertion is unacceptable for several reasons.

■ It is true that, where an alleged breach of an agreement of compromise and settlement occurs, the aggrieved party need not file a separate action to seek judicial relief, but may proceed by a simple motion made as a part of the original action on the underlying dispute.[2] It is likewise true that an agreement of compromise and settlement in a legal dispute constitutes an executory accord.[3] As such, a party to the agreement aggrieved by an alleged breach thereof by the other party has the option of seeking to enforce the settlement agreement, or regarding the agreement as rescinded and moving against the other party on the underlying claim.[4] Where a motion for summary judgment is clearly based upon one or the other theory of recovery, (enforcement or rescission), an election may be deemed to have been made, since the two theories must be regarded as separate and distinct claims, and summary judgment is granted only as to one of the individual claims, rather than as to the case as a whole.[5] Furthermore, where a party pursues a motion for summary judgment on

one claim, he may not, on appeal, either justify the grant of such motion or challenge its denial on the basis of a separate and distinct claim.[6]

Plaintiff's motion for summary judgment in the present action was indisputably rooted in the terms of the agreement of settlement. By its own terms, the motion was "based on . . . affidavit signed by the attorney for plaintiff and the stipulation entered into between the plaintiff and the defendant in this case." Similarly, the summary judgment itself makes specific reference to the agreement and the affidavit in support thereof. This, coupled with the fact that the award granted by the judgment precisely matches the amount originally sought by plaintiff pursuant to the agreement, leads inevitably to the conclusion that the rescission of the agreement of settlement was within the contemplation neither of the defendant nor of the trial court.

■ Plaintiff next asserts that the interest granted in the summary judgment represented prejudgment interest, which accrued as a matter of law. As such, its payment was incumbent upon the defendant, independent of the terms of the agreement itself. Such an assertion not only misconstrues Utah law but makes a fallacious characterization of the "interest" awarded in this case. "Prejudgment interest" represents an amount awarded as damages due to the opposing party's delay in tendering the amount owing under an obligation.[7] Whether such prejudgment interest might or might not be due in the present case we need not decide, since the "interest" claimed by plaintiff in its motion for summary judgment represented the interest accrued on the amount remaining in

---

2. 15A C.J.S. Compromise & Settlement § 48; *Cox Const. Co., Inc. v. State Road Comm'n,* Utah, 583 P.2d 85 (1978).

3. *Cox Const. Co., Inc. v. State Road Comm'n,* id.

4. *Cox Const. Co., Inc. v. State Road Comm'n,* id.; *Crawford v. Allen,* 66 Wash.2d 693, 404 P.2d 767 (1965); Restatement 1, Contracts, § 417(c); 15 Williston on Contracts § 1848, p.

533–534. Note that the two remedies are therefore in the alternative.

5. Rule 56(a), U.R.C.P.

6. *Boyd v. United States,* 222 F.2d 493 (8th Cir., 1955).

7. *Cox Const. Co., Inc. v. State Road Comm'n,* supra footnote 2.

the savings account, which interest had been compounding since 1972. It was not, as such, prejudgment interest, but simple passbook savings interest, sought as part and parcel of the settlement agreement.

As a final argument, plaintiff urges that the award of interest pursuant to the grant of summary judgment must be upheld to avoid unjust enrichment of the defendant. Unjust enrichment occurs whenever a person has and retains money or benefits which in justice and equity belong to another.[8] The advancement of such a claim in the present case assumes the very fact still in dispute. Where no showing is made that, as a matter of law, plaintiff is entitled to the interest in the account, neither may it be claimed that, as a matter of law, an award of such interest must be upheld in the name of preventing unjust enrichment.

We deem it unnecessary to remand the present action to the court below for a trial on the merits. Such action is warranted only in those situations where a reconsideration of the matter at the trial level might be of some use or benefit to the plaintiff below; otherwise, it is the right and obligation of this Court to enter final judgment in the matter before it.[9] It is our view that, as a matter of law, plaintiff is precluded from prevailing in this matter. We are compelled to rule that the agreement arrived at by plaintiff and defendant contemplated the $6,000 already paid by defendant, and nothing more.

Reversed, with direction to strike from the summary judgment that portion relating to the payment of interest to the plaintiff. Costs awarded to defendant.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.

---

8. *Baugh v. Darley*, 112 Utah 1, 184 P.2d 335 (1947).

9. Rule 76(a), U.R.C.P.; *Dopp v. Richards*, 43 Utah 332, 135 P. 98 (1913).