**UTAH STATE DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent,**

v.

**Salvadore P. TOSCANO, Sr., Defendant and Appellant.**

No. 16777.

Supreme Court of Utah.

Jan. 30, 1981.

Lucy Billings of Utah Legal Services Inc., Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Stephen G. Schwendiman, Spec. Deputy Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Appeal from a judgment ordering appellant, defendant below, to reimburse the plaintiff for public assistance payments he received in the amount of $2,921. The parties will hereafter be referred to as they appeared in the court below.

In May 1975 the defendant came to Utah from Texas to work in the onion and beet fields. In June 1975 he injured his left knee while so employed and was unable to work for several months thereafter. In December of that year he applied for financial assistance from the plaintiff and received payments until June of 1976 in the total amount of $2,921. His answers to questions on the application for assistance and statements made in an affidavit in support thereof indicated that he owned neither land nor buildings in which he did not live. He also stated that he intended to make Utah his home.

In December 1976 plaintiff learned that defendant owned a house in Muleshoe, Texas, and commenced this action to recover the payments defendant had received. The trial court held that defendant's failure to disclose ownership of his Texas property was not the result of fraud or misrepresentation. Nevertheless the Court also held that defendant's ownership of the Texas property rendered him ineligible for financial assistance and that plaintiff was entitled to judgment on the basis of a factual error in making payments to him.

The defendant asserts that at the time of making application he was eligible for financial assistance because his home in Texas was exempt under Vol. II, § 410.1 of Assistance Payments Administration Regulations which provides that there shall be exempt "one home and lot owned or being purchased and occupied by the applicant or recipient, including a mobile home." Defendant testified that he was a migrant farm worker and customarily left his home in Texas to seek work during the summer and fall seasons, and then returned to his home. He further testified that due to his injury he did not return to Texas in 1975 but did return in 1976 and stayed there in his home for two or three months. Based on that testimony the defendant contends that he did "occupy" his Texas home as required by the regulation because he spent much time away from it in pursuit of employment. He cites us to a number of cases involving exclusionary provisions in fire insurance policies holding that premises are not rendered "unoccupied" by the temporary absence of its occupants who intend that it shall remain their place of usual return and habitual stoppage. See annotation at 47 A.L.R.3d 398.

■ We do not disagree with the authorities relied upon by the defendant. The difficulty here is that the defendant's professed intent to return to his home in Texas when the work ended is contradicted by his statement on his application that he intended to make Utah his home. Furthermore, had he indicated that he did not intend to make Utah his home and that he intended to return to Texas, he would only have been eligible for 30 days' assistance. Therefore, this attack by the defendant upon the judgment avails him nothing and must fail.

* CROCKETT, Justice, concurred in this case before his retirement.

■ Several other contentions are made by defendant, but they too are without merit. They are all predicated upon the assumption that the plaintiff was at fault in allowing the payment of assistance to him when he was not eligible and that this error was primarily due to the lack of a fluent Spanish interpreter in the interview office.

However, the judgment of the district court was grounded not on fraud by defendant, but rather on "factual error in the payment of monies by the plaintiff to the defendant in the amount of $2,921.00." Thus the judgment is essentially one for restitution, see Restatement, Restitution § 1, or unjust enrichment, L & A Drywall, Inc. v. Whitmore Const. Co., Inc., Utah 608 P.2d 626 (1980); Baugh v. Darley, 112 Utah 1, 184 P.2d 335 (1947). There is no showing in the record of such a change in circumstances on the part of defendant as to make restitution inequitable. See Restatement, Restitution § 142, especially Comment b at 569–70.

The judgment of the district court is affirmed. No costs awarded.

HALL and CROCKETT,* JJ., and KENNETH RIGTRUP, District Judge, concur.

MAUGHAN, C. J., does not participate herein; RIGTRUP, District Judge, sat.

WILKINS, J., heard the arguments but resigned before the opinion was filed.