**TEBBS, SMITH & ASSOCIATES, a Utah corporation, Plaintiff and Respondent,**

v.

**Skipp BROOKS, Defendant and Appellant.**

**No. 20151.**

Supreme Court of Utah.

Sept. 10, 1986.

Rehearing Denied May 5, 1987.

John Walsh, Salt Lake City, for defendant and appellant.

Dennis K. Poole, Salt Lake City, for plaintiff and respondent.

PER CURIAM.

Defendant appeals from a money judgment in favor of plaintiff for $5,600 plus interest and costs, and from the dismissal of his counterclaim.

Plaintiff sued defendant for $12,324.47 past due and owing for accounting services rendered at defendant's request between 1977 and 1983. Defendant filed his answer, pleading a general denial, but no affirmative defenses of any kind. Defendant also filed a permissive counterclaim for $61,000, alleging that plaintiff's failure to submit a timely financial statement to a bonding agent resulted in his loss of a $600,000 bid for servicing housing facilities on the Intermountain Power Project.

At trial, defendant testified that the services should have been billed to the various business entities in which he was involved. A member of the plaintiff firm disputed that testimony and testified that all work had been requested by defendant personally and that the major part of the services comprised tax work, preparation of accounting and bookkeeping systems, and management studies for defendant generally. Defendant did not attack the amount owed as excessive or unreasonable. Consequently, there was no dispute as to the $12,324.47 claimed by plaintiff. Both sides conceded, however, that in order to extinguish the rather large and old debt, defendant had been offered a reduction to $6,000, provided the amount was paid promptly. Testimony conflicted on whether that $6,000 was to be paid in a lump sum, as plaintiff insisted, or in monthly payments of $200, as defendant insisted. A letter introduced at trial from plaintiff acknowledged defendant's commitment to pay $200 a month, "starting April 1st," but urging an increase to $300 or $400 a month. Defendant made two $200 payments, one on April 15 and one on May 18 of 1983. He was served with a ten-day summons on

May 27, and a complaint was filed on June 6, 1983.

After trial to the bench, in lieu of formal findings of facts and conclusions of law, the court rendered its memorandum decision, finding defendant personally liable for the debt incurred, finding a compromise agreement of $6,000, payable monthly, on which $400 had been paid, and finding that plaintiff's failure to submit a timely financial statement did not cause defendant's loss of the bid. Defendant appeals, claiming (1) that the trial court acted outside the pleadings in awarding judgment to plaintiff; (2) that the trial court awarded judgment on a contract that had not been breached; and (3) that the trial court should have awarded him the damages of his counterclaim.

In reviewing a judgment after a trial on the merits, "this Court is obliged to review the evidence and all inferences that may be drawn therefrom in a light most supportive of the findings of the trier of fact. The findings and judgment will not be disturbed when they are based on substantial, competent, admissible evidence." *Kimball v. Campbell*, 699 P.2d 714 (Utah 1985). But where the issue before this Court is one of law, we are not bound by the conclusions of the trial court and we determine the issue. *Jones v. American Coin Portfolios, Inc.*, 709 P.2d 303 (Utah 1985). With those limitations in mind, we address defendant's assignments of errors.

■ 1. Defendant first contends that the trial court awarded plaintiff its money judgment on an unjust enrichment theory[1] when it found that a gross injustice would result if defendant were allowed to escape complete liability on the sole basis that the services should have been paid by the entities operated by him. Defendant's major defense at trial was that he had not agreed to assume personal responsibility for those services and that they should have been billed to the various entities instead. His argument lacks all merit and ignores other language found in the memorandum deci-

---

1. Defendant does not attack the court's implied ruling on an accord and satisfaction theory which was not pleaded by the parties either. As both parties adduced testimony at trial on that issue, the court properly considered the theory in its ruling. Utah R.Civ.P. 54(c)(1).

sion. The court found that it was never established who, other than defendant himself, had the responsibility of paying the bills; that no documentary evidence was offered to show that defendant had requested any apportioning between his various business entities; and that defendant did not raise the affirmative defenses of the statute of frauds, statute of limitations, or absence of necessary parties. The court's judgment was based on the findings that plaintiff performed substantial accounting services at defendant's request over a number of years for which it was not compensated. That finding is grounded in substantial competent evidence and will not be disturbed.

2. Defendant next contends that the trial court erred when it awarded plaintiff judgment on a contract he had not breached. The findings of the court on this point are extremely confusing. From exhibits admitted at trial, the court first found that there was evidence that prior to defendant's two monthly payments the parties had agreed to settle the account for $6,000 "based upon such monthly payments being made." The court continued:

> However, I note that after the parties had agreed to settle the account for $6,000.00 with monthly payments thereon of $200 to be paid, and two such payments were made in April and May, 1983, plaintiff filed this lawsuit on June 6, 1983, without prior notice that the agreed to settlement was no longer in effect. Both parties were at fault in the method by which the account was handled. I thus find the issues on plaintiff's complaint in favor of plaintiff and against the defendant and award judgment in the amount of $5,600 with interest thereon and costs.

■ Where, as here, the case involves a liquidated, undisputed sum of money, it will generally be presumed that the creditor did not intend to surrender his prior rights until the new agreement is actually performed. *R. Contracts* § 419; 15 *Williston on Contracts* § 1847. An accord and satisfaction arises when the parties to a contract mutually agree that a perform-ance different than that required by the original contract will be made in substitution of the performance originally agreed upon and that the substituted agreement calling for a different performance will discharge the obligation created under the original agreement. *Bennion v. LeGrand Johnson Construction Co.*, 701 P.2d 1078, 1082 (Utah 1985). An agreement of compromise and settlement in a legal dispute constitutes an executory accord which allows the party alleging breach thereof the option of seeking enforcement of the settlement agreement or of rescinding that settlement agreement and pursuing the underlying claim. *L & A Drywall, Inc. v. Whitmore Construction Co., Inc.*, 608 P.2d 626 (Utah 1980).

Although the trial court here acknowledged plaintiff's intention to pursue its prior rights, the problem with the case before us is the total absence of a finding that defendant was in breach. The court found that the parties had agreed to settle the account for $6,000 in monthly installments of $200. Plaintiff testified that it expected payment on the first of the month; defendant understood the payment to be due sometime during a given month. The court made no finding to resolve that dispute. It found that plaintiff had filed suit without notice to defendant that the agreement was no longer in effect. It found both parties at fault but gave judgment to plaintiff for the compromised amount as though defendant had been in breach.

■ An executory accord does not discharge the existing claim; it is discharged by the substituted performance. *Bradshaw v. Burningham*, 671 P.2d 196, 198 (Utah 1983); *accord Golden Key Realty, Inc. v. Mantas*, 699 P.2d 730 (Utah 1985). Plaintiff sued for the original amount of $12,324.47. If defendant failed to perform under the accord, judgment should have been rendered in favor of plaintiff for the total amount due. If, on the other hand, defendant had performed as agreed under the accord, judgment should have been rendered in favor of defendant on the continued viability of the accord, so long as defendant made timely monthly payments,

**1308**

and under that scenario it was error to assess interest against defendant. The case must therefore be remanded to the trial court for the limited purpose of clarifying its findings and entering judgment in consonance with the findings.

■ 3. Next and last, defendant claims that he should have been awarded $61,000 on his permissive counterclaim. Defendant testified that untimely submittal of his financial statement to the bonding agent resulted in the loss of a $600,000 bid for work on the Intermountain Power Project. The bonding company agent testified that his company's refusal was based upon an unsatisfactory financial statement, a compilation submitted by plaintiff at defendant's request. An associate of plaintiff testified that he was unable to do more than prepare a compilation, as defendant did not have sufficient information to prepare a review or an audit which could have been certified by the company. The bonding agent testified that the compilation left many questions unanswered and that his company was unable to underwrite a bond of $30,000 when the net worth of the company was no more than $35,000. With that testimony before it, the trial court did not err in dismissing defendant's counterclaim against plaintiff.

The trial court's judgment finding defendant liable to plaintiff for accounting services rendered and dismissing his counterclaim is affirmed. The trial court's judgment in favor of plaintiff on the amount of money owed is vacated and remanded for findings consistent with our decision. No costs are awarded.